JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DOUGLAS C. BOES, individually and on behalf of all others similarly situated,

**(b)** County of Residence of First Listed Plaintiff: **Otoe County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Eric H. Weitz, Esquire, THE WEITZ LAW FIRM, LLC, 1528 Walnut Street, 4th Floor, Philadelphia, PA 19102, 267-587-6240 - Telephone

## DEFENDANTS
APPLIED ANALYSIS CORPORATION

County of Residence of First Listed Defendant: **Berks**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise |  ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
|  |  | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** |  | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property |  | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 448 Education / ☐ 540 Mandamus & Other |  |  |  |
|  | ☐ 550 Civil Rights |  |  |  |
|  | ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 216(b)

Brief description of cause:
Violation of the Fair Labor Standards Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 02/01/2019
SIGNATURE OF ATTORNEY OF RECORD: /s/ Eric H. Weitz

**FOR OFFICE USE ONLY**

RECEIPT #  _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| DOUGLAS C. BOES, individually and on behalf of all others similarly situated<br>v.<br>APPLIED ANALYSIS CORPORATION | : : : : : : | CIVIL ACTION<br><br><br><br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )

| 02/04/2019 | Eric H. Weitz, Esquire | Plaintiff, Douglas C. Boes |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (267) 587-6240 | (215) 689-0875 | eric.weitz@theweitzfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JLS

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

5:19cv505

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 11 Greenway Paza, Ste. 3050, Houston, TX 77046

Address of Defendant: C23 9th Avenue, Key West, Florida 33040

Place of Accident, Incident or Transaction: Berks County, PA

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: (A|R) Date Terminated: _____

Civil cases are deemed related when Yes is answered to any of the following questions.

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [ ]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [ ]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [ ]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [ ]

I certify that, to my knowledge, the within case [ ] is / [x] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/4/2019    /s/ Eric H. Weitz    PA 65514
                       Attorney-at-Law / Pro Se Plaintiff    Attorney ID # (if applicable)

**CIVIL:** (Place a ✓ in one category only)

**A. Federal Question Cases:**

1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [x] All other Federal Question Cases
    *(Please specify)* Fair Labor Standard Act

**B. Diversity Jurisdiction Cases:**

1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify)* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases *(Please specify)* _____

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Eric H. Weitz, counsel of record or pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

[✓] Relief other than monetary damages is sought.

DATE: 2/4/2019    /s/ Eric H. Weitz    PA 65514
                       Attorney-at-Law / Pro Se Plaintiff    Attorney ID # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

FEB -4 2019

FEB -4 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| DOUGLAS C. BOES, individually and on behalf of other similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>APPLIED ANALYSIS CORPORATION<br><br>Defendant. | Civ. Action No. _____<br><br>Collective Action Pursuant to 29 U.S.C. § 216(b)<br><br>Jury Trial Demanded |

## ORIGINAL COMPLAINT

### SUMMARY

1. Douglas Boes (Plaintiff) and other workers like him were not paid overtime as required by the Fair Labor Standards Act (FLSA) for work they performed for Applied Analysis Corporation (AAC).

2. Instead, Plaintiff and other workers like him, were paid the same hourly rate for all hours worked, including those in excess of 40 in a workweek (or, "straight time for overtime").

3. Plaintiff brings this lawsuit to recover unpaid overtime wages and other damages owed under the FLSA (29 U.S.C. 29 U.S.C. § 201 *et. seq.*).

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this Action involves a federal question under the FLSA.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

6. AAC's corporate headquarters is located in this District and Division.

## THE PARTIES

7. During the operative time period, Plaintiff performed work for AAC. While working for AAC, Plaintiff was paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in a single workweek) with no overtime compensation. His written consent is attached herein as Exhibit A.

8. Plaintiff brings this Action on behalf of himself and other similarly situated workers who were paid "straight time for overtime" for work performed for AAC.

9. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All individuals who worked for AAC during the past three years who were paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in single workweek), or, "straight time for overtime" (the "FLSA Class").**

10. Plaintiff seeks conditional and final certification of this FLSA Class in this collective action under 29 U.S.C. § 216(b).

11. Applied Analysis Corporation is a Florida corporation. Applied Analysis Corporation may be served with process by serving its registered agent, Blue Planet Offices, Inc., C23 9th Avenue, Key West, Florida 33040 or wherever it may be found.

## COVERAGE UNDER THE FLSA

12. At all times hereinafter mentioned, AAC was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all times hereinafter mentioned, AAC was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all times hereinafter mentioned, AAC was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce

or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15. At all times hereinafter mentioned, Plaintiff and the FLSA Class Members were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

## THE FACTS

16. AAC provides nuclear engineering and consulting services.

17. To provide services to its clients, AAC hires workers (like Boes) and staffs them to nuclear facilities who are paid on an hourly basis.

18. For example, Plaintiff was staffed to Entergy at Waterford.

19. AAC and the nuclear facilities co-determine and share control over the terms and conditions of employment.

20. AAC and the nuclear facilities jointly hire and fire, supervise and control, set pay, determine hours, and approve time sheets with respect to these workers.

21. AAC is a joint employer with the nuclear facility to which it staffs the FLSA Class.

22. During the operative time period, Plaintiff worked for AAC as an hourly employee.

23. Plaintiff was paid by the hour.

24. Plaintiff was a welding engineer.

25. Plaintiff was employed by AAC from April 2017 until the end of June 2017.

26. Plaintiff reported the hours he worked to AAC on a regular basis.

27. Plaintiff regularly worked more than 40 hours in a week.

28. For example, in the two week period ending on June 15, 2017, Plaintiff worked 144 hours.

3

29. Plaintiff was paid his hourly rate of $95/hour for all 144 hours.

30. For those two weeks, Plaintiff is owed 64 hours of overtime.

31. The hours Plaintiff worked are reflected in his payroll records.

32. Plaintiff was paid the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single workweek.

33. Plaintiff did not receive overtime for all hours worked in excess of 40 hours in a single workweek while working for AAC.

34. Rather than receiving time and half as required by the FLSA, Plaintiff only received "straight time" pay for overtime hours worked.

35. This "straight time for overtime" payment scheme violates the FLSA.

36. AAC was aware of the overtime requirements of the FLSA.

37. Certain hourly employees, such as Plaintiff, nevertheless did not receive overtime while working for AAC.

38. Very little skill, training, or initiative, in terms of independent business initiative, was required of Plaintiff to perform his job duties.

39. Indeed, the daily and weekly activities of Plaintiff and members of the FLSA Class were routine and largely governed by standardized plans, procedures, and checklists created or mandated by AAC.

40. Virtually every job function performed by Plaintiff and members of the FLSA Class was pre-determined by AAC and/or its clients, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties.

41. Plaintiff and members of the FLSA Class were generally prohibited from varying their job duties outside of the pre-determined parameters.

42. Plaintiff and members of the FLSA Class performed routine manual and technical job duties that were largely dictated by AAC.

43. Plaintiff and members of the FLSA Class perform substantially similar job duties and are subjected to similar policies and procedures which dictate the day-to-day activities performed by each person.

44. Plaintiff and members of the FLSA Class also worked similar hours and were denied overtime as a result of the same illegal pay practice.

45. Plaintiff and members of the FLSA Class regularly worked in excess of 40 hours each week.

46. Plaintiff and members of the FLSA Class were not paid on a salary basis while working for AAC.

47. Plaintiff and members of the FLSA Class were paid "straight time for overtime" while working for AAC.

48. Plaintiff and members of the FLSA Class were not paid overtime for hours worked in excess of 40 hours in a single workweek while working for AAC.

49. AAC knew, or acted with reckless disregard for whether, Plaintiff and members of the FLSA Class were misclassified as exempt.

50. The failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA because Plaintiff and the members of the FLSA Class were misclassified as exempt and denied overtime compensation.

### COLLECTIVE ACTION ALLEGATIONS

51. The illegal pay practices imposed on Plaintiff were imposed on members of the FLSA Class.

52. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

53. Numerous other individuals who worked with Plaintiff were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

54. Based on his experiences and tenure with AAC, Plaintiff is aware that these illegal practices were imposed on members of the FLSA Class.

55. The members of the FLSA Class were not paid overtime when they worked in excess of 40 hours per week.

56. The failure to pay overtime at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the members of the FLSA Class.

57. Plaintiff's experiences are therefore typical of the experiences of members of the FLSA Class.

58. The specific job titles or precise job locations of the various members of the FLSA Class do not prevent collective treatment.

59. Plaintiff has no interests contrary to, or in conflict with, the members of the FLSA Class.

60. Like each member of the FLSA Class, Plaintiff has an interest in obtaining the unpaid overtime wages owed under federal law.

61. The precise size and the identity of other members of the FLSA Class is ascertainable from the business records, tax records, and/or employee or personnel records maintained by AAC or the third-parties which it provided workers.

62. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

63. Absent a collective action, many members of the FLSA Class will not obtain redress of their injuries and AAC will reap the unjust benefits of violating the FLSA.

64. Furthermore, even if some of members of the FLSA Class could afford individual litigation against AAC, it would be unduly burdensome to the judicial system.

65. If individual actions were required to be brought by each member of the FLSA Class, it would necessarily result in a multiplicity of lawsuits and would create hardship to Class Members, to AAC, and to the Court.

66. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the members of the FLSA Class and provide for judicial consistency.

67. The questions of law and fact common to each of the members of the FLSA Class predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

  a. Whether AAC required Plaintiff and members of the FLSA Class to work more than 40 hours during individual work weeks;

  b. Whether the decision to pay the FLSA Class straight time for overtime was made in good faith;

  c. Whether Plaintiff and members of the FLSA Class were paid at a rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a single workweek;

  d. Whether AAC's violation of the FLSA was willful; and

  e. Whether the illegal pay practices were applied to members of the FLSA Class.

68. Plaintiff and members of the FLSA Class sustained damages arising out of AAC's illegal and uniform employment policy.

69. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

70. Plaintiff will fairly and adequately represent and protect the interests of members of the FLSA Class.

71. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

### CAUSES OF ACTION

72. The failure to pay Plaintiff and the FLSA Class overtime at one-and-one-half times their regular rates violated the FLSA's overtime provisions.

73. AAC owes Plaintiff and the FLSA Class overtime pay at the proper overtime rate.

74. Because AAC knew, or showed reckless disregard for whether, its pay practices violated the FLSA, AAC owes these wages for at least the past three years.

75. AAC is liable to Plaintiff and those similarly situated to him for an amount equal to all unpaid overtime wages as liquidated damages.

76. Plaintiff and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### JURY DEMAND

77. Plaintiff demands a trial by Jury.

### PRAYER

78. Plaintiff prays for relief as follows:

a. An Order designating the FLSA Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. For an Order appointing Plaintiff and his counsel to represent the interests of the FLSA Class;

c. For an Order finding AAC liable to Plaintiff and the FLSA Class for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

d. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest at the highest available rates; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: _____
Eric H. Weitz, Esquire
PA ID: 65514
THE WEITZ LAW FIRM, LLC
1528 Walnut Street, 4th Floor
Philadelphia, PA 19102
267-587-6240
215-689-0875 facsimile
eric.weitz@theweitzfirm.com

AND

**Michael A. Josephson**
PA ID: 308410
**Andrew Dunlap**
Texas State Bar No. 24078444
**Richard M. Schreiber**
Texas State Bar No. 24056278

9

**Josephson Dunlap, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

AND

**Richard J. (Rex) Burch**
Texas State Bar No. 24001807
**Bruckner Burch PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**Attorneys in Charge for Plaintiff**

# EXHIBIT A

## CONSENT TO JOIN WAGE CLAIM

Print Name: __Douglas C. Boes__

1. I hereby consent to participate in a collective action lawsuit against __Applied Analysis / Entergy__ to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at JOSEPHSON DUNLAP and BRUCKNER BURCH as my attorneys to prosecute my wage claims.

4. I authorize the law firm and attorneys at JOSEPHSON DUNLAP and BRUCKNER BURCH to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: __Douglas C. Boes (Jan 29, 2019)__          Date Signed: __01/29/2019__