IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS C. BOES,<br><br>                    Plaintiff,<br><br>     v.<br><br>APPLIED ANALYSIS CORPORATION,<br><br>                    Defendant. | Civil Action No. 5:19-cv-00505-JLS<br><br>District Judge Jeffrey L. Schmehl |

**DEFENDANT'S BRIEF IN SUPPORT OF ITS OBJECTIONS TO
PLAINTIFF'S BROAD PRE-CONDITIONAL CERTIFICATION DISCOVERY**

**A.    Introduction**

Defendant Applied Analysis Corp. ("AAC") denies that it has a policy or practice of paying workers straight-time for overtime. Throughout this case, AAC has maintained the position (and repeatedly advised Plaintiff's counsel) that the payment plan pursuant to which Plaintiff was paid was established by Guidant Group, Inc. and/or Entergy Corporation—not AAC. That position has now been corroborated by Plaintiff's own deposition testimony, the declaration of AAC's president, and Plaintiff's on-boarding documents, which were prepared by Guidant Group. In addition, Plaintiff has testified—in contradiction to the earlier declaration prepared by his counsel—that he does not know of any other workers whom AAC paid straight-time for overtime. While Plaintiff will be able to cite to decisions permitting pre-conditional certification, none of those decisions will have been made based on a record—like the record here—establishing that the sole defendant was not responsible for the straight-time for overtime plan being challenged. Based on such a record, it would be premature, unduly burdensome, and inappropriate to require AAC to spend significant time and money responding to discovery about allegedly similar workers without first requiring Plaintiff to come forward with some evidence that such individuals actually exist. AAC should not

1

be required to respond to discovery that is nothing more than a fishing expedition designed to stir up litigation. Accordingly, AAC requests that this Court sustain its objections to Plaintiff's pre-conditional certification discovery.

### B. Discovery Of Potentially Similarly Situated Opt-In Plaintiffs Is Inappropriate In This Case

#### 1. Plaintiff's proposed discovery is unduly burdensome and designed to stir up litigation.

The parties agree that to meet his burden on conditional certification Plaintiff must prove that he and the putative collective members were paid pursuant to the same straight-time for overtime payment plan." *See* ECF No. 26 at 2. At deposition, Plaintiff testified that he was not covered by any policy, practice, or procedure of AAC. *See* ECF No. 21-1, Excerpts from the Deposition of Douglas C. Boes (7/1/19) ("Boes Dep.") at 51:4-7. In his declaration, the president of AAC corroborated Plaintiff's testimony explaining that the straight-time for overtime payment plan challenged by Plaintiff was established by Guidant and/or Entergy, without any involvement from AAC. *See* ECF No. 21-2, Declaration of Juan M. Cajigas (7/9/19) ("Cajigas Decl."), at ¶ 9. Specifically, Plaintiff's regular and overtime pay rates were both set at $95 per hour by Guidant Group, Inc. Work Order No. 8363028, which Plaintiff testified was incorporated by reference into his AAC Supplemental Agreement. *See* ECF No. 21-1 at 21:4-24:13; Boes Dep. Ex. 3 (AAC Supplemental Agreement), Boes Dep. Ex. 4 (Guidant Work Order).

Given that Plaintiff is not challenging any policy, practice, or procedure of AAC, the proposed discovery is unduly burdensome and clearly designed to stir up litigation. As such, AAC's objections should be sustained. *See Burkhart-Deal v. Citifinancial, Inc.*, 2009 WL 353717, at *1 (W.D. Pa. Sept. 18, 2009) (rejecting plaintiff's motion to compel defendant to provide names of employees covered by allegedly improper compensation practices because of the risk of abuse of giving plaintiff access to potential new clients); *see also Levine v. Gunther Motor Co. of Plantation, Inc.*, 2010 WL

5140590, at *3 (S.D. Fla. Dec. 9, 2010) (rejecting plaintiff's pre-certification request for information regarding putative collective members reasoning that information sought for the purpose of inviting others to file suit is not discoverable).

> **2.     Plaintiff's proposed discovery is premature given that he has presented no evidence to suggest that similarly situated workers even exist.**

Under the two step-conditional certification process that applies in the Third Circuit, if conditional certification is denied, any discovery regarding allegedly similar workers would be of no relevance.  Courts routinely deny as premature discovery seeking information regarding members of a putative collective action in advance of the court's determination as to whether and to what extent similarly situated individuals exist.  *See Saenz v. Erick Flowback Servs.*, 2014 WL 7005358, at *2 (W.D. Okla. Oct. 23, 2014) (denying as premature discovery seeking identity of members of putative collective because it would require determination of "what individuals are similarly situated"); *Stephens v. Erosion Containment Mgmt., Inc.*, No. 07-1995, 2008 WL 2157095 (M.D. Fla. May 21, 2008) (denying as premature plaintiff's motion to compel information regarding others who were similarly compensated); *Colson v. Cableview Communications of Jacksonville, Inc.*, No. 09-850, 2010 WL 11507875, at *5 (M.D. Fla. Apr. 12, 2010) (denying as premature plaintiff's motion to compel discovery relating to members of the putative collective); *Crawford v. Dothan City Bd. of Educ.*, 214 F.R.D. 694, 695 (M.D. Ala. 2003) ("[B]ecause no collective action has been conditionally certified, discovery before step one of the two-step process is premature.").

Here, the record is devoid of any evidence suggesting that similarly situated individuals exist.  At deposition, Plaintiff testified that he is unable to identify anyone else whom AAC paid pursuant to Guidant Group, Inc. Work Order No. 8363028, or for that matter any other straight-time for overtime payment plan established by Guidant Group and/or Entergy.  *See* ECF No. 21-1, Boes Dep. at 45:15-50:6, 54:16-22.  Indeed, Plaintiff testified that he does not know a single worker who

was staffed or paid by AAC, much less one staffed with Entergy by Guidant Group.  *Id.* at 45:5-14, 49:18-22.  It would be premature and particularly wasteful to require AAC to spend the significant time and money necessary to respond to Plaintiff's broad pre-certification discovery without first requiring Plaintiff to come forward with some evidence that such individuals actually exist.  *See Zhong v. Good Fortune Supermarket Group, Inc.*, 2013 WL 5132023, at *2 (E.D.N.Y. Sept. 12, 2013) (denying plaintiff's motion to compel plaintiff failed to present evidence of similarly situated workers)  Accordingly, AAC's objections should be sustained.

### 3. Plaintiff's proposed discovery seeks information that is irrelevant to his claims.

Rule 26 of the Federal Rules of Civil Procedure authorizes discovery only of matters that are "relevant to any party's claim or defense."  *See* Fed. R. Civ. P. 26(b)(1).  Under the FLSA, members of a putative collective are not parties to the action unless and until they file a written consent.  *See* 29 U.S.C. § 216(b); *see also Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 242-43 (3d Cir. 2013).  Accordingly, courts have held that pre-conditional certification discovery of potential opt-in plaintiffs is inappropriate because any responsive information is irrelevant and beyond the scope of permissible discovery.  *See Knutson v. Blue Cross and Blue Shield of Minn.*, 254 F.R.D. 553, 557-58 (D. Minn. 2008) (denying motion to compel and holding that information related to members of a putative collective was not relevant to plaintiff's claims); *Levine*, 2010 WL 5140590, at *3 (rejecting plaintiff's pre-certification request for information regarding putative collective members as irrelevant under Rule 26).  Plaintiff's claims depend on the hours that he worked and the amount of compensation he received.  As such, the identity of any allegedly similar workers and the terms of the payment plans pursuant to which they were paid are irrelevant to Plaintiff's claims. Accordingly, AAC's objections should be sustained.

C.  **Conclusion**

For the all of the foregoing reasons, AAC requests that this Court sustain its objections to Plaintiff's pre-conditional certification discovery regarding members of the putative collective.

Dated: July 19, 2019

Respectfully submitted,

**FOX ROTHSCHILD LLP**

/s/ Richard L. Etter
Richard L. Etter
500 Grant Street, Suite 2500
Pittsburgh, PA 15219
Telephone: (412) 394-5529
Fax: (412) 391-6984
retter@foxrothschild.com

Jonathan D. Christman
Ashley E. Baxter
10 Sentry Parkway
Suite 200, P.O. Box 3001
Blue Bell, PA 19422
Telephone: (610) 397-6500
Fax: (610) 397-0450
jchristman@foxrothschild.com
abaxter@foxrothschild.com

*Attorneys for Defendant Applied Analysis Corp.*

## **CERTIFICATE OF SERVICE**

      I, Richard L. Etter, hereby certify that, on this date, I caused the foregoing document to be filed electronically with this Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document, upon interested parties.

                                        By: /s/ Richard L. Etter
                                                Richard L. Etter

Dated: July 19, 2019