IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DOUGLAS C. BOES, individually and on
Behalf of other similarly situation employees,   : CIVIL ACTION
:
v.                                                : NO. 19-505
:
APPLIED ANALYSIS CORPORATION                      :

## MEMORANDUM OPINION

**Schmehl, J.**    /s/ JLS                                       March 30, 2020

Before the Court is the motion for conditional class certification of Plaintiff Douglas Boes, individually and on behalf of all others similarly situated ("Boes" or "Plaintiff"). Defendant, Applied Analysis Corporation ("AAC") has opposed the motion, Boes has filed a reply and AAC has filed a sur-reply. Having read the parties' briefing, and after argument held, I will deny Plaintiff's Motion for Conditional Certification.

I. **PROCEDURAL BACKGROUND**

Boes filed his Collective Action Complaint alleging violations of the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) ("FLSA"). Specifically, Boes alleges that AAC paid him and other similarly situated employees the same hourly rate for all hours worked, including those in excess of a 40 hour workweek, without a salary guarantee. Therefore, Boes seeks to recover unpaid overtime wages. AAC contends that Boes cannot meet his burden of establishing the existence of similarly situated workers and therefore, his motion should be denied.

II. **FACTUAL BACKGROUND[1] AAC**

---
[1] The factual background for the Memorandum Opinion is based on Plaintiff's complaint as well as the briefs the parties filed in connection with Plaintiff's Motion for Conditional Certification.

Plaintiff and other similarly situated individuals are employees of AAC in the past three years who were paid straight time for overtime. AAC provides staffing services to companies that specialize in nuclear safety analysis and design, technical program development and management, regulatory compliance, engineering software development, and quality assurance. The Putative Class in this matter consists of those workers who provided skilled and unskilled labor, including but not limited to electrical, construction, and mechanical services to AAC customers. Boes seeks to have AAC pay any and all outstanding overtime wages owed paid to him and all those similarly situated.

### III. LEGAL STANDARD

Section 216(b) of the FLSA authorizes employees to bring an action for minimum-wage, maximum-hour and overtime violations by the employer on behalf of themselves or on behalf of others "similarly situated".[2] *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013). Similarly situated employees must opt in to a collective action in writing, filed with the court if they seek to become parties to a collective action. *Carr v. Flowers Foods, Inc.*, 2017 WL 393604 (E.D. Pa. Jan. 26, 2017). A district court has the discretion to authorize notice to potential opt-in plaintiffs by conditionally certifying the case as a collective action. *Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). "This feature distinguishes the collective action mechanism under Section [2]16(b) from the class-action mechanism under federal Rule of

---

[2] Section 216(b) of the FLSA states in pertinent part:

> An action to recover the liability … may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

Civil Procedure 23, where, once the class is certified, those not wishing to be included in the class must affirmatively opt-out." *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 243 (3d Cir. 2013).

The United States Court of Appeals for the Third Circuit has adopted a two-step for deciding whether an action may properly proceed under the FLSA. *Id.*, *citing Zavala v. Wal-Mart Stores, Inc.*, 691 F.3d 527, 535 (3d Cir. 2012)). At the first step, a plaintiff has the burden to show, by a preponderance of the evidence, that he is "similarly situated" to the members of that have opted-in to the collective action. *Camesi*, 729 F. 3d at 243. If the plaintiff meets his burden, the court will conditionally certify the collective action for the purpose of facilitating notice to potential opt-in plaintiffs and conducting pre-trial discovery. *Zavala*, 691 F.3d at 536.

Plaintiff is only required to make a "modest factual showing" and a "fairly lenient standard" is employed in determining whether a plaintiff has met his burden at the first stage. *Camesi*, 729 F. 3d at 243. The "modest factual showing" standard is not particularly high, it only requires "some evidence, 'beyond pure speculation' of a factual nexus between the manner in which the employer's alleged policy affected [him] and the manner in which it affected the other employees." *Symczyk v. Genesis Healthcare Corp.*, 656 F.3d 189, 193 (3d Cir. 2011) *rev'd on other grounds*, 569 U.S. 66 (2013). "Generally, plaintiffs meet the standard by producing some evidence indicating common facts among the parties' claims, and/or a common policy affecting all the collective members." *Kolasa v. BOS Sols., Inc.*, 2018 WL 3370675, at *3 (W.D. Pa. May 10, 2018).

The second stage is addressed after all similarly situated potential plaintiffs have been afforded the opportunity to opt-in and discovery has taken place. *Zavala,* 691 F.3d at 534. The second stage is a more stringent review of the evidence where the court must make a conclusive

determination as to whether each plaintiff who has opted in to the collective action is in fact similarly situated to Plaintiff. *Camesi*, 729 F.3d at 243. The second step may be triggered by Plaintiff's motion for "final certification," by the Defendant's motion for "decertification" or sometimes by both. If Plaintiff succeeds in carrying his heavier burden at the second stage, the case may proceed on the merits as a collective action. *Id.*

## IV. **DISCUSSION**

### A. **Conditional Certification**

Plaintiff's proposed class consists of the following members:

> All employees of Applied Analysis Corporation who were, at any point in the past three (3) years, paid straight time for overtime.

(Plaintiff's Memorandum in Support of Motion for Conditional Certification ('Pl's Memo"), pg. 1).

The United States Court of Appeals for the Third Circuit has identified some relevant factors, among others, that should be considered by a district court when determining whether Plaintiff has met his "fairly lenient standard" at the first stage of certification of a collective action. Those relevant factors are whether the putative plaintiffs: (1) are employed in the same department, division, and location; (2) advance similar claims; (3) seek substantially the same form of relief; and (4) have similar salaries and circumstances of employment. *Zavala*, 691 F.3d at 536-37.

Boes contends that he and the putative class members are similarly situated because they all: (1) received straight time for overtime; (2) were required or permitted to work overtime without receiving compensation at the one and a half rate of pay; (3) were staffed by AAC; (4) were hourly employees of AAC; (5) were never provided a salary; and (6) were only paid for the

hours they actually worked. In support of these allegations, Boes attached a declaration and payroll records to his motion.

AAC contends that Boes has failed to satisfy his burden to show that the putative collective members are similarly situated. Specifically, AAC asserts that to meet his burden, Boes must show that he and the proposed collective were paid straight time for overtime because of a single decision, policy, or plan that violates the FLSA and that the evidence establishes that AAC did not have a uniform plan or practice of paying straight time for overtime.

In order to meet his burden at this stage to show that he and the putative class are similarly situated, a plaintiff must present substantial allegations or evidence "that the putative class members were together the victims of a single decision, policy, or plan." *See Zavala*, 691 F.3d at 535. If a plaintiff fails to produce evidence that the FLSA violations suffered by the collective were caused by a single decision, policy, or plan, then the motion for conditional certification should be denied. *See e.g., Postiglione v. Crossmark, Inc.*, 2012 WL 5829793, at *8 (E.D. Pa. Nov. 15, 2012) (denying conditional certification because plaintiffs failed to demonstrate that there was a single decision, policy or plan denying overtime); *Moeck v. Gray Supply Corp.*, 2006 WL 42368, at *4 (D.N.J. Jan. 6, 2006) (denying conditional certification because "Plaintiffs produced very little evidence that the class members that they seek to represent were the victims of a single policy, decision or plan."); *Chemi v. Champion Mortg.*, 2006 WL 7353427, at *3-4 (D.N.J. June 21, 2006) (denying conditional certification because plaintiffs failed to show that the putative class members were together victims of a single decision, policy, or plan.)

Having reviewed all briefs and exhibits, I find that Boes has failed to make the modest factual showing that he is similarly situated to the proposed class, as he cannot show that he and the putative class members were together victims of a single policy.

Boes argues that the single decision, policy or plan that allegedly unites the class is AAC's "uniform" plan or practice of paying workers straight time for overtime. *See* Pl's Brief, p. 2; Pl's Reply Brief, p. 2. In support of this argument, Boes claims that AAC's responses to Interrogatories, the testimony of AAC's corporate representative, and the documents produced in discovery show that four workers in the proposed class were paid straight time for overtime. However, also produced in discovery were additional AAC Supplemental Agreements for other workers paid by AAC and staffed to power plants for the last three years. *See* ECF No. 38, Ex. A. These documents show that eleven workers were paid overtime compensation, while only four workers, including plaintiff, were paid straight time for overtime. *See* ECF No. 38, Ex. A, ECF No. 35, Exs. 3-6. The fact that AAC staffed fifteen workers to power plants in the last three years and of those, only four received straight time for overtime is hardly evidence of a single "uniform" plan or practice of failing to pay proper overtime.

Further, AAC's corporate representative testified that the straight time and overtime rates reflected in the Supplemental Agreements for the fifteen relevant workers were established on an individualized basis by the operator and/or the managed service provider, not by AAC. *See* ECF No. 35-2 at p. 78. This testimony is supported by the Supplemental Agreements themselves, which all reflect that Guidant Group, PPL or Talen Energy establish the rate of pay for the workers in question. *See* ECF No. 35, Exs. 3-6. Accordingly, the evidence shows that the four workers in question were paid straight time for overtime because of decisions made by PPL, Guidant Group or Talen Energy, not by AAC. Therefore, Boes cannot show that a single AAC

decision, policy or plan collectively caused these four workers in question to be paid straight time for overtime, and his motion for conditional certification is denied.

V.	**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Conditional Certification is denied.